1  BLANK ROME LLP
2  Jonathan A. Loeb (SBN 162758)
   Jonathan.Loeb@BlankRome.com
3  Jeffrey Rosenfeld (SBN 221625)
   Jeffrey.Rosenfeld@BlankRome.com
4  2029 Century Park East, 6th Floor
   Los Angeles, CA 90067
5  Telephone: (424) 239-3400
   Facsimile: (424) 239-3434
6
7  Attorneys for Plaintiff Korn Ferry

8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10

11  KORN FERRY, a Delaware corporation,    Case No.  2:22-cv-08936-JAK-PD
12            Plaintiff,                     Assigned to Hon. John A. Kronstadt
13
14       v.                                 **STIPULATED PROTECTIVE
                                            ORDER**
15  RICHARD KASNIA, an individual,
                                            Complaint Filed:  December 9, 2022
16            Defendant.                     Trial Date:       Not Set
17
18
19
20
21
22
23
24
25
26
27
28

―――――――――――――――――――――――――――――――――
                  STIPULATED PROTECTIVE ORDER
146344.00616/133156323V.1

## 1. PURPOSES AND LIMITATIONS

This Stipulated Protective Order (the "Order") is being entered into to facilitate the production, exchange, and discovery of categories of documents and information that the parties agree merit confidential treatment. This Order shall govern the handling of Discovery Material produced in this Action (as defined below). Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties stipulate to and petition the Court to enter the following Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 9, below, that this Order does not entitle them to file confidential information under seal. Civil Local Rule 79-5 of the United States District Court for the Central District of California, and any other applicable law or rule, regarding the filing of materials under seal will be applied when a party seeks permission from the court to file material under seal.

### 1.1 Good Cause Statement

This action is likely to involve competitive and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, business strategies, confidential and private information of employees, or other confidential commercial information (including information implicating privacy

146344.00616/133156323V.1

rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.     DEFINITIONS**

2.1     <u>Action</u>:  the above-entitled proceeding, *Korn Ferry v. Richard Kasnia,* case No. 2:22-cv-08936-JAK-PD, pending in the United States District Court, Central District of California.

2.2     <u>Party</u>:  any party to the Action, including all of any party's officers, directors, and employees.

2.3     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity that is not a named Party to the Action.

2.4     <u>Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during

146344.00616/133156323V.1

discovery in this Action.

2.5   <u>Confidential Material</u>:  any Party or Non-Party may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material it produces or receives that contains (1) information concerning, relating, or reflecting any trade secret, proprietary business information, or any other confidential or proprietary research, analysis, design, development, financial or commercial information, as such terms are used in Rule 26(c)(1)(G) and any applicable case law interpreting that rule; (2) non-public personal, client, or customer information concerning individuals or other entities; (3) material that identifies an individual in any manner and relates to the past, present or future care, services or supplies regarding the physical or mental health or condition of such individual, the provision of health care to such individual or the payment for the provision of health care to such individual, and shall also include without limitation "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), including prescriptions, prescription notes, prescription records, prescription drug event reports, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, requests, summaries or oral communications; or (4) other information for which applicable federal or state law requires confidential treatment.

2.6   <u>Producing Party</u>:  any Party or Non-Party that produces Discovery Material in the Action.

2.7   <u>Receiving Party</u>:  any Party or Non-Party that receives Discovery Material from a Producing Party.

2.8   <u>Designating Party</u>:  any Party or Non-Party that designates Discovery

146344.00616/133156323V.1

Material as "Confidential."

2.9    <u>Protected Material</u>:  any Discovery Material that is designated as "Confidential"; provided, however, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

2.10   <u>Outside Counsel</u>:  attorneys, along with their paralegals and other support personnel assisting with the Action, who are not employees of a Party but who are retained specifically to represent or advise a Party in the Action or a Non-Party deponent or trial witness in the Action.

2.11   <u>In-House Counsel</u>:  attorneys and other personnel employed by a Party or Non-Party to perform legal functions who are directly involved in the prosecution or defense of the Action for the Party or responding to discovery requests directed to a Non-Party.

2.12   <u>Counsel (without qualifier)</u>:  Outside Counsel and In-House Counsel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, and law clerks).

2.13   <u>Expert and/or Consultant</u>:  a person with specialized knowledge or experience in a matter pertinent to the Action, along with his or her employees and support personnel, who has been retained by a Party, or its Counsel, to serve as a testifying or consulting expert in the Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with the Action.

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and

146344.00616/133156323V.1

their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom; as well as all copies, excerpts, summaries, or compilations thereof, and any testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material.  However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with the Action.

**4.   DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or until the Court orders otherwise.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   <u>Designating Bulk Material for Protection</u>:  In order to expedite production of voluminous materials, a Designating Party may, at its sole option, but is not required to, produce materials without a detailed review, or any, subject to the "clawback" procedures in this Order (Section 12) or otherwise agreed to.  In doing so, the Designating Party may designate those collections of documents that by their nature contain Confidential Material with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation.  Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular documents on the grounds that it does not or they do not qualify for protection, or does not or do not qualify for the level of protection initially asserted.  If the Designating Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the

146344.00616/133156323V.1

designation.

    5.2  <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this Order or as otherwise stipulated by the Parties, any Party may designate as "Confidential" any Discovery Material, or any portion thereof:

    (a)    In the case of documents produced by the Designating Party, interrogatory answers, responses to requests for admission, and the information contained therein, designation shall be made either by notation on the document, by notation in the filename and/or metadata, or by written notice to Counsel for the Parties hereto if the aforementioned forms of designation are infeasible.  If only a portion of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    (b)    In the case of documents produced by a Party or Non-Party other than the Designating Party, designation shall be made by notifying Counsel to the Parties in this Action in writing of those documents which are to be stamped or otherwise treated as Protected Material at any time up to thirty (30) calendar days after actual receipt of copies of those documents by Counsel for the Designating Party.  Prior to the expiration of that 30-day period (or until a designation is made, if such a designation is made in a shorter period of time), all such Discovery Material shall be treated as Protected Material.

    (c)    In the case of testimony, designation shall be made by notifying Counsel of those portions which are to be stamped or otherwise treated as Protected Material either by statement on the record of the deposition or in writing at any time up to thirty (30) calendar days after the final transcript is made available to the Designating Party.  Prior to the expiration of that 30-day period (or until a designation is made, if such a designation is made in a shorter period of time), all such Discovery Material shall be treated as

STIPULATED PROTECTIVE ORDER
146344.00616/133156323V.1

Protected Material.  Notwithstanding the preceding language in this paragraph, in the event that (i) a document produced and designated by a Party or Non-Party as "Confidential" is used as an exhibit in a deposition and (ii) Counsel for the Party or Non-Party is not present at the deposition, the Parties agree that the exhibit remains designated "Confidential" and that any testimony concerning the exhibit shall be deemed to have been designated in writing as "Confidential," as is required in this paragraph.

(d)     In the case of reports created by an expert or consultant relying on or incorporating Protected Material in whole or in part, designation shall be made by the Party responsible for its creation by notation on the report.

5.3   <u>Inadvertent Failures to Designate</u>:  If a Producing Party discovers that it produced material that was not designated as Protected Material, the Producing Party may inform the Receiving Party in writing within a reasonable time after its discovery, or orally, if on the record at a deposition, court hearing, or trial.  The Receiving Party shall thereafter treat the information as Protected Material and in the manner required for the designated category of Protected Material.  Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party shall make commercially reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material.  In addition, to the extent such information may have been disclosed by the Receiving Party to anyone not authorized to receive Protected Material pursuant to this Order, the Receiving Party shall make commercially reasonable efforts to retrieve the information promptly and to avoid any further such disclosure.  The failure to advise the Receiving Party of such inadvertent disclosure within a reasonable time after discovery shall not constitute a waiver of any designation as Protected Material or

an admission by the Producing Party that such information is not Protected Material.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Written Notice</u>:  If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material by production number.  The objecting Party and the Designating Party shall, within ten (10) calendar days after service of the written objections, meet and confer concerning the objection.

6.2   <u>Judicial Intervention</u>:  If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 6.1, above, the party seeking to challenge the designation may seek relief from the Court.  In any judicial proceeding concerning a disputed confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the Designating Party.  Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.  In the event that the final ruling is that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within fifteen (15) calendar days of the ruling.

## 7.   ACCESS TO AND USE OF DISCOVERY MATERIAL

7.1   A Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party, whether it is Protected Material or not. only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to the Action. Except as required by law, Discovery Material may not be used for any other purpose whatsoever, including, without limitation, any business or commercial

purpose, contractual demands, any purpose related to any other investigation, litigation or proceeding, or evaluation of other potential claims unrelated to the causes of action and transactions at issue in the Action.  In addition, Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Following the termination of the Action, each Receiving Party must comply with the provisions of Section 10, below.

7.2   Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document repository with adequate security, shall be deemed a secure location.  If an attempt is made to hack or otherwise gain unauthorized access to a system containing Discovery Material, a Receiving Party with knowledge of the unauthorized actions shall take necessary and prudent remedial measures to prevent their reoccurrence and shall promptly inform the Designating Party of the attempted unauthorized access and the remedial measures taken.  To the extent that any Protected Material is disclosed, Section 8 of this Protective Order will apply.

7.3   <u>Disclosure of Confidential Material</u>:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "CONFIDENTIAL" may be disclosed only to the following persons:

(a)   the Receiving Party, including current officers, directors, and employees to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Action;

(b)   the Receiving Party's Outside Counsel and In-House Counsel;

(c)   any other Parties to the Action and their Counsel, including current officers, directors, and employees to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Action;

(d)   former officers, directors, and employees of the Parties to the

10
STIPULATED PROTECTIVE ORDER

1   extent that such disclosure is reasonably necessary for the prosecution or

2   defense of the Action and who have signed the "Agreement To Be Bound By

3   Protective Order" (Exhibit A);

4         (e)   Expert and Consultants, but only if (1) the Expert or Consultant

5   has first signed the "Agreement To Be Bound By Protective Order" (Exhibit

6   A), (2) the Expert or Consultant is not a Competitor of the Designating Party,

7   and (3) Counsel for the Party retaining the Expert or Consultant, after duly

8   diligent inquiry, does not know of any instance in which the Expert or

9   Consultant has been found to be in violation of the terms of a protective order

10  in any legal proceeding.  Any part of a report created by such Expert or

11  Consultant incorporating Protected Material in whole or in part shall be

12  designated appropriately by the Party responsible for its creation.  Experts and

13  Consultants may not use Protected Material to their competitive advantage or

14  for any purpose that does not relate to the Action;

15        (f)   the Court and its personnel, subject to the requirements of Section

16  9, below;

17        (g)   special masters, mediators, or other third parties who are

18  appointed by the Court or retained by the Parties for settlement purposes or

19  resolution of discovery or other disputes and their necessary personnel and, in

20  the case of persons retained by the Parties, who have signed the "Agreement

21  To Be Bound by Protective Order" (Exhibit A);

22        (h)   court reporters and/or videographers, their staffs, and Professional

23  Vendors to the extent that such disclosure is reasonably necessary for the

24  prosecution or defense of the Action;

25        (i)   the author, addressees, or recipients of the document, including

26  any person identified in writing or testimony by the author, addressees, or

27  recipients of the document as having received the document, as well as any

28

person identified in writing by the Designating Party as authorized to review the document;

(j)     deponents or persons who have been identified on the trial witness list of any Party in the Action, and their Counsel, to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(k)     the Parties' insurers or re-insurers who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), solely as necessary to attempt to obtain insurance coverage for the Action;

(l)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

(m)     any other person agreed to by the Designating Party in writing; and

(n)     any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 15 below.

7.4   Retention of Exhibit A:  Outside Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of the Action, including any appeals, and shall make them available to other Parties upon good cause shown.

7.5   Retention of Protected Material:  Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in Sections 7.3(d), (i), (j), and (1) who have been shown Confidential Material shall not retain copies thereof.

146344.00616/133156323V.1

**8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as reasonably practicable, but in any event, not longer than two (2) business days after discovery by counsel of record of the disclosure, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make commercially reasonable efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound By Protective Order" (Exhibit A). The Parties agree that irreparable harm would occur in the event of unauthorized disclosure of Protected Material.  Accordingly, the Parties shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Protected Material.

**9.     FILING PROTECTED MATERIAL**

In the event that before trial in the Action, or in connection with any hearing in or any matter relating to the Action, counsel for any Party determines to file or otherwise submit to the Court any Protected Material, or any papers containing or making reference to the substance of such material or information, the parties shall comply with all procedures set forth in Local Rule 79-5 of the United States District Court for the Central District of California, and any other applicable law or rule, regarding the filing of materials under seal.

**10.    FINAL DISPOSITION**

10.1  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of the Action, including any appeals or the expiration of time to appeal, each Receiving Party shall undertake commercially reasonable efforts to return to the Producing Party all Protected

Material or to destroy all Protected Material, if destruction of such Protected Material is administratively easier and more cost-effective than returning the Protected Material. In either case, the Receiving Party shall provide the Designating Party with a certification stating that it has taken commercially reasonable efforts to destroy or return the Protected Material to the extent practicable.

10.2 Notwithstanding Section 10.1, as to those materials designated as Confidential that constitute Counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served in the Action, or filed with a court, Counsel may retain such documents, even if such materials contain Confidential Material, if such Counsel otherwise comply with this Order with respect to such retained material.

10.3 This Order shall survive the termination of the Action, and the Court shall have continuing jurisdiction for enforcement of its provisions following termination of the Action. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Outside Counsel of record for each Designating Party or by an Order of the Court for good cause shown.

## 11. A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's, Designating Party's, or any other person's use of its own documents (or documents it otherwise obtained through lawful means independent of discovery in this Action and not through any breach of this Order), nor shall it affect any Producing Party's, Designating Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material.

## 12. CLAWBACK OF PRIVILEGED MATERIAL

12.1 In order to facilitate expeditious production of voluminous documents, a

146344.00616/133156323V.1

Producing Party may, at its sole option, but is not required to, produce voluminous materials without detailed, or any, review to determine whether a privilege or other immunity from discovery applies to some of the documents.

12.2  The Parties have agreed that, in this lawsuit, they do not intend to disclose Privileged Information.  Pursuant to Federal Rule of Evidence ("FRE") 502(d) and 28 U.S. Code § 1738, any disclosure of Privileged Information ("Disclosed Privileged Information") shall not constitute in this or any other action a waiver or forfeiture of any privilege otherwise attaching to the Disclosed Privileged Information and its subject matter.  FRE 502(b) is inapplicable to Disclosed Privileged Information, which shall receive the maximum protection afforded by FRE 502(d).  Under FRE 502(d) and 28 U.S. Code § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings.  Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

12.3  Upon learning that there is Disclosed Privileged Information in its production, a Producing Party shall promptly notify in writing the Receiving Parties of the claim of privilege.  Upon such notice, the Receiving Parties, regardless of whether they deem the claim meritorious, shall promptly:  (1) use commercially reasonable efforts to locate and destroy all copies of the material in their possession, custody or control and notify the Producing Party that they have done so; and (2) take all commercially reasonable steps to retrieve and destroy the inadvertently produced material or documents from other persons, if any, to whom such documents or materials were distributed in accord with Federal Rule of Civil Procedure 26(b)(5)(B).  Nothing in this section shall be construed to limit any Party's ability to challenge another Party's assertion of privilege and to retain one copy of the challenged material until such dispute may promptly be presented to the Court for resolution; however, a Party's challenge to another Party's assertion of

146344.00616/133156323V.1

privilege shall not assert as a ground for challenge the fact or circumstances of the production of Disclosed Privileged Information

12.4  If, during a deposition, a Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) is subject to attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status.  If there is a dispute about the assertion of privilege, the Parties shall promptly meet and confer and bring the dispute to the Court's attention.  Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Protected Material.  If the document is ultimately determined not to be privileged or subject to other protection, and the witness was instructed not to answer questions about the document at the deposition, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given a **reasonable** opportunity to depose the witness about the document, which in the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by counsel for such Party, shall be within thirty (30) calendar days of said determination, and in the case of Non-Party witnesses, shall be at the earliest practicable time for the witness and its Counsel.

12.5  Counsel shall refrain from examining or disclosing materials that they know or reasonably should know to be privileged and shall inform the Producing Party that such materials have been produced.

12.6  Except as otherwise provided herein, the provisions of Federal Rule oi

Evidence 502 shall apply.

## 13.   USE OF DESIGNATED MATERIAL IN OPEN COURT

The Parties agree to meet and confer concerning the use of any Protected Material at hearings or at the trial of the Action not fewer than five (5) calendar days prior to any such hearing or trial.  Where a hearing or trial is scheduled on less than five (5) calendar days' notice, the Parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing or trial.  Unless otherwise ordered by the Court, the use of Protected Material at hearings or at trial shall not cause such Protected Material to lose its status as Protected Material.

## 14.   ATTORNEY RENDERING ADVICE

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to the Action or from relying upon or generally referring to Protected Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

## 15.   LEGAL PROCESS

If, at any time, any Protected Material is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity, including any governmental agency or other self-regulatory organization, purporting to have authority to require the production thereof, the person or entity to whom the subpoena or request is directed, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, shall promptly give written notice to the Producing Party and any Designating Party and include with such notice a copy of the subpoena or request. The person or entity to whom the subpoena or request is directed shall promptly

146344.00616/133156323V.1

notify in writing the party who caused the subpoena or request that some or all of the material covered by the subpoena or request is subject to this Order, and include with such notice a copy of this Order.

Where notice is permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the person to whom the subpoena or request is directed shall not, absent a Court order to do so or as otherwise required by law, produce such Protected Material without providing the Producing Party and any Designating Party a reasonable period of time in which to seek to quash, limit, or object to the subpoena or request, or to move for any protection for the Protected Material.  The person or entity to whom the subpoena or request is directed shall promptly notify in writing the party who caused the subpoena or request that some or all of the material covered by the subpoena or request is subject to this Order.

For the avoidance of doubt, nothing herein shall require any Party to ignore or act in contempt of any court order or direction of any governmental entity or other self-regulatory organization.

## 16.  NON-PARTIES

Any Party, in conducting discovery from Non-Parties in connection with the Action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her, or its rights, herein.  If a Non-Party provides discovery to any Party in connection with the Action, the provisions of this Order shall fully apply to such discovery.

## 17.  AMENDMENT OF ORDER

Nothing here shall preclude any Party from seeking to amend or supplement this Order in writing for good cause shown.

## 18.  DISCLOSURE OF HIPAA PROTECTED HEALTH INFORMATION

The Parties agree that this Order will constitute a Qualified Protective Order

under 45 C.F.R. 164.512(e), whereby the order (a) prohibits the parties from using or disclosing protected health information for any purpose other than the litigation or proceeding for which such information was requested and (b) requires the return to the covered entity or destruction of protected health information (including all copies made) at the end of the litigation or proceeding.

## 19.   MISCELLANEOUS

19.1   <u>Right to Assert Other Objections</u>:  No Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Producing Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

## 20.   VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  September 26, 2023

STRADLING YOCCA CARLSON & RAUTH A professional Corporation

By: */s/ Karla J. Karft*
Karla J. Kraft
Sean Thomas Lobb
Attorneys for Defendant
RICHARD KASNIA

Dated:  September 26, 2023

BLANK ROME LLP

By: */s/ Jeffrey Rosenfeld*
Jonathan A. Loeb
Jeffrey Rosenfeld
Attorneys for Plaintiff and
Counter-Defendant Korn Ferry

STIPULATED PROTECTIVE ORDER

# **SIGNATURE CERTIFICATION**

I hereby certify that the content of this document is acceptable to Karla J. Kraft, counsel for Defendant Richard Kasnia and I have obtained her authorization to affix her electronic signature to this document.

DATED:  September 26, 2023

/s/ Jeffrey Rosenfeld

Jeffrey Rosenfeld

STIPULATED PROTECTIVE ORDER

146344.00616/133156323V.1

1  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**

2

3

4   Dated:  October 2, 2023

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*PATRICIA DONAHUE*

Hon. Patricia Donahue
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER

146344.00616/133156323V.1

## Agreement To Be Bound By Protective Order – Exhibit A

1.    I, _____, have received a copy of and reviewed the Stipulated Protective Order in *Korn Ferry v. Richard Kasnia*, Case No. 2:22-cv-08936-JFW-PD (C.D. Cal.).

2.    I agree to comply with and to be bound by all the terms of the Stipulated Protective Order.

3.    I agree that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

4.    I understand and acknowledge that I am subject to sanctions for any violations of the Stipulated Protective Order, including but not limited to, being held in contempt of court.

5.    I submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Stipulated Protective Order and this Agreement.

Date:_____

Signature:_____

STIPULATED PROTECTIVE ORDER
146344.00616/133156323V.1